1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ARMANDO SANDOVAL-DELFIN,

Defendant.

Case No. 24-cr-00297-BLF-1 (VKD)

**ORDER REVOKING BAIL; ORDER OF DETENTION**

Defendant Armando Sandoval-Delfin appeared for a bail review hearing on August 15, 2024 to address a violation memorandum filed by Pretrial Services on August 14, 2024.  Dkt. No. 21.  At the hearing, Mr. Sandoval-Delfin appeared in person, out of custody, and was represented by counsel.  He did not contest the violations alleged in the memorandum.  Dkt. No. 23.

The Court adopts the factual findings in the violation memorandum concerning Mr. Sandoval-Delfin's failure to comply with the program rules of the New Bridge Foundation's residential drug treatment program, including specifically the unauthorized possession of a cell phone on two occasions shortly after beginning the program, in violation of the condition of Mr. Sandoval-Delfin's pretrial release that requires him to comply with all conditions of the New Bridge Foundation.  *See* Dkt. Nos. 19, 21.  Pretrial Services advises that the New Bridge Foundation believes Mr. Sandoval-Delfin is not ready to change his behavior, and wishes to terminate him from the drug treatment program.  Dkt. No. 21 at 2.  Pretrial Services recommends that Mr. Sandoval-Delfin's bail be revoked and that he be detained.  *Id.*  The United States concurred in this recommendation.  Dkt. No. 23.  Mr. Sandoval-Delfin acknowledged that a brief period of detention was warranted, but argued that the Court should thereafter permit him to

United States District Court
Northern District of California

1    participate in residential drug treatment at another program.  *Id.*

2         Mr. Sandoval-Delfin's conduct, together with his lengthy criminal history, which includes

3    several recent felony convictions and failures to comply with supervision requirements (*see* Dkt.

4    No. 17), indicates that Mr. Sandoval-Delfin is unlikely to comply with his existing conditions of

5    release or other conditions of release that the Court might set to reasonably assure the safety of

6    others and the community and Mr. Sandoval-Delfin's appearance for court as required.  Having

7    considered the parties' presentations and arguments at the hearing, as well as the information

8    provided by Pretrial Services and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes

9    that Mr. Sandoval-Delfin committed the violations charged in the notice.  The Court further

10   concludes that he is unlikely to comply with conditions of release that the Court has set or may set.

11   Accordingly, the Court revokes Mr. Sandoval-Delfin's bail and detains him pending further

12   proceedings in this case.

13        Mr. Sandoval-Delfin is committed to the custody of the Attorney General or his designated

14   representative for confinement in a corrections facility separate, to the extent practicable, from

15   persons awaiting or serving sentences or being held in custody pending appeal.  Mr. Sandoval-

16   Delfin shall be afforded a reasonable opportunity for private consultation with defense counsel.

17   On order of a court of the United States or on the request of an attorney for the United States, the

18   person in charge of the corrections facility shall deliver Mr. Sandoval-Delfin to the United States

19   Marshal for the purpose of appearances in connection with court proceedings.

20        **IT IS SO ORDERED.**

21   Dated: August 15, 2024

22

23

24                                                 Virginia K. DeMarchi
                                                   United States Magistrate Judge

25

26

27

28

2